# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD A. JORDAN,<br><br>                              Plaintiff,<br><br>        vs.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security<br><br>                              Defendant. | CASE NO. 09-CV-1559 MMA (WMc)<br><br>**REPORT AND 1) TO GRANT IN<br>PART PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT; (2)<br>TO DENY DEFENDANT'S CROSS-<br>MOTION FOR SUMMARY<br>JUDGMENT; AND (3) REMAND<br>FOR FURTHER PROCEEDINGS<br>[DOC. NOS. 10 and 12.]** |

## I.

## INTRODUCTION

This matter is before the Court on cross-motions for summary judgment. Plaintiff Richard

Jordan brings his motion under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g)[1],

seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision

denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Act. Plaintiff asks

the Court to reverse the Commissioner's decision, and to order initiation of benefits pursuant to the

Commissioner adopting the Administrative Law Judge's ("ALJ") decision, which Plaintiff argues is:

---

[1] "Any individual, after any final decision of the Commissioner of Social Security made afer
a hearing to which he was a party . . . may obtain judicial review of such decision by a civil action .
. . brought in the district court of the United States . . . . The court shall have the power to enter, upon
the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision
of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The
findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be
conclusive . . . ." 42 U.S.C. § 405(g).

1    (a) based on legal error or (b) not supported by substantial evidence.  The Commissioner concurrently

2    seeks summary judgment to affirm the ALJ's decision.

3    The Court finds the motions appropriate for submission on the papers and without oral

4    argument pursuant to Local Rule 7.1(d)(1).  After careful review of the moving and opposition papers,

5    the administrative record, the facts, and the law, this Court recommends Plaintiff's motion for

6    summary judgment be **GRANTED IN PART**; Defendant's cross motion to affirm the ALJ decision

7    be **DENIED** and this action be **REMANDED** for further administrative proceedings.

8                                            **II.**

9                              **PROCEDURAL HISTORY**

10    On May 16, 2006, Plaintiff[2] filed an application for Social Security Disability Insurance

11    Benefits alleging disability on May 10, 2006.  *See* Administrative Record ("AR") at 11.   His

12    application was denied initially and also on reconsideration.  AR at 75-78; 80-84.  On February 21,

13    2007, a request for a hearing was timely filed.  AR at 86.  The ALJ submitted his decision on June 23,

14    2008, finding the claimant was not entitled to disability insurance benefits. AR at 11-21. The decision

15    of the Social Security Administration became final when the Appeals Council adopted the ALJ's

16    findings in a decision dated May 20, 2009.  AR at 1-3.

17    On July 17, 2009, Plaintiff filed the instant complaint pursuant to §405(g) of the Act in order

18    to obtain judicial review of a "final decision" from the Commissioner of the Social Security

19    Administration ("Commissioner") denying his claim for Disability Insurance Benefits ["DIB"].  [Doc.

20    No. 1.]  Defendant filed an answer to the complaint on February 8, 2010.  [Doc. No. 6.]

21    On March 31, 2010, Plaintiff filed a motion for summary judgment (hereinafter "PM") [Doc.

22    No. 10] and Defendant filed a cross-motion for summary judgment (hereinafter "DM") on April 22,

23    2010**.** [Doc. No. 12.] Both motions were found suitable for decision without oral argument and taken

24    under submission. [Doc. No. 13.]

25    ///

26    ///

27    ///

28

_____

[2]Claimant, Richard Jordan, will be referred to herein as Plaintiff due to the instant lawsuit.

# III.

## DISCUSSION

**1.      Legal Standard**

A claimant is entitled to disability benefits if, considering his age, education and work experience, he is unable to perform the work he previously performed and also the  "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months..." 42 U.S.C. § 423(d)(1)(A).  The Act further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920. **Step one** determines whether the claimant is engaged in "substantial gainful activity."  If he is, disability benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is not, the decision maker proceeds to **step two**, which determines whether the claimant has a medically severe impairment or combination of impairments.  That determination is governed by the "severity regulation" which provides in relevant part:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.  We will not consider your age, education, and work experience.

20 C.F.R. §§ 404.1520 (c), 416.920 (c).

The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1521 (b), 416.921 (b).  Such abilities and aptitudes include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling"; "[c]apacities for seeing, hearing, and speaking"; "[u]nderstanding, carrying out, and remembering simple instructions"; [u]se of judgment"; "[r]esponding appropriately to supervision,

co-workers, and usual work situations"; and "[d]ealing with changes in a routine work setting." *Id.*

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.   If the impairment is severe, the evaluation proceeds to the **third step**, which determines whether the impairment is equivalent to one of a number of listed impairments the Secretary acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520 (d), 416.920 (d); 20 C.F.R. Part 404, Appendix 1 to Subpart P.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the **fourth step**, which determines whether the impairment prevents the claimant from performing work he has performed in the past.  If the claimant is able to perform his previous work, he is not disabled. 20 C.F.R. §§ 404.1520 (e), 416.920 (e).  If the claimant cannot perform his previous work, the **fifth** and **final step** of the process determines whether he is able to perform other work in the national economy in view of his age, education, and work experience.  The claimant is entitled to disability benefits only if he is not able to perform other work.  20 C.F.R. §§ 404.1520 (f), 416.920 (f).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner.  42 U.S.C. § 405(g).  The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." *Brawner v. Secretary of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988) (citing *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).  "[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  The court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988) (citing *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985)).  If the evidence supports more than one rational interpretation, the court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the

1  testimony are functions solely of the Secretary." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

2  1982).

3       Even if the reviewing court finds substantial evidence supports the ALJ's conclusions, the

4  court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the

5  evidence and reaching his or her decision.  *See Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978).

6  Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the

7  Commissioner's decision.  42 U.S.C. § 405(g).  The reviewing court may also remand the matter to

8  the Social Security Administrator for further proceedings.  *Id.*

9  **2.     The ALJ's Decision**

10      After weighing the evidence from the administrative record and listening to the testimony of

11  Plaintiff and the experts, the ALJ determined in his June 23, 2008 decision Plaintiff retained the

12  residual functional capacity " to perform light work as defined in 20 CFR 404.1567(b) except only

13  occasional stooping, bending, or crawling and occasional overhead reaching with the right shoulder."

14  [Administrative Record ("AR") at 15.]  The ALJ discredited Plaintiff's pain allegations for

15  inconsistency with medical testimony and the medical record. AR at 19-20.

16  **3.     Vocational Expert's Testimony**

17      The vocational expert testified that given the limitations identified in the ALJ's hypothetical,

18  Plaintiff could not perform his past relevant work as a bus driver, but could perform the following

19  positions: (1) production assembler, (2) production inspector and (3) garment folder.  [AR at 61.]

20  **4.     Plaintiff's Contention**

21      As the basis for his motion for summary judgment, plaintiff argues: (1) the ALJ erred in

22  relying on the testimony of the vocational expert to decide Plaintiff could perform other work because

23  the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT") conflict.

24  [Doc. No. 10-1 at 6:4-12]  and (2) the ALJ did not make the specific findings necessary to exclude

25  Plaintiff's depression in the hypothetical question. [Doc. 10-1 at 6:18-28.]

26  ///

27  ///

28  ///

5.      **Conflict Between the Vocational Expert's Testimony and the Dictionary of Occupational Titles at Step Five of the Sequential Process**

At step five of the sequential evaluation, the ALJ must determine whether the claimant's impairment prevents him from performing any other substantial gainful activity. *Parra v. Astrue,* 481 F.3d 742, 746 (9th Cir. 2007). At this step, the burden is on the Commissioner to show the claimant may perform other types of work in the national economy, given the claimant's age, education and work experience. *Lounsberry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006). The ALJ can meet the burden of showing there is other work in "significant numbers" in the national economy that the claimant can perform by referring to the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, or by eliciting the testimony of a vocational expert. *Id.* Plaintiff argues the vocational expert testimony relied on by the ALJ is inconsistent with the United States Department of Labor's Dictionary of Occupational Titles and is therefore unsupported by substantial evidence.

In order for the vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical based on medical assumptions supported by substantial evidence in the record reflecting each of the claimant's limitations. *Andrews v. Shalal,* 53 F.3d 1035, 1044 (9th Cir.1995). The hypothetical should be "accurate, detailed and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Before relying on a vocational expert's testimony, an ALJ has an "affirmative responsibility to ask about any possible conflict between [the vocational expert's] evidence and information provided in the DOT:" SSR00-4p, 2000 WL 1898704, at *4; *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 ("We address the question whether, in light of the requirements of SSR 00-4p, an ALJ may rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the Dictionary of Occupational Titles. We hold that an ALJ may not.") If a vocational expert's testimony appears to conflict with the DOT, the ALJ must "obtain a reasonable explanation for the apparent conflict," SSR 00-4p, 2000 WL 1898704 at *4. Where the vocational expert's testimony is not consistent with the information in the DOT, the ALJ must later "explain in the determination or decision how he or she resolved the conflict. . . . irrespective of how the conflict was identified." SSR 00-4p, 2000 WL 1898704 at *4; *Massachi*, 486 F.3d at 1153 (stating that "[t]he procedural

1  requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational

2  expert's testimony, particularly in cases where the expert's testimony conflicts with the [DOT].").

3       The failure of an ALJ to perform the requirements set forth by SSR 00-4p constitutes

4  procedural error. *Massachi*, 486 F.3d at 1153-54 & n.19.  Consequently, the reviewing court is unable

5  to determine whether substantial evidence supports the ALJ's findings. *Id.; see also Travis v. Astrue,*

6  477 F.3d 1037, 1042 (8th Cir. 2007) ("This Court will not substitute its opinion for the ALJ's who is

7  in a better position to gauge credibility and resolve conflicts in evidence.")  However, the Court may

8  find the procedural error to be harmless if there was no conflict or if the vocational expert provided

9  sufficient support for his or her conclusion so as to justify any potential conflicts. *Id* at 1154 n.19.

10       In this case, the transcript reveals the ALJ included the limitation of occasional overhead

11  reaching with the right shoulder in his hypothetical to the vocational expert, AR at 61.  The ALJ did

12  not, however, inquire as to conflicts between plaintiff's limitations and the requirements listed by the

13  Dictionary of Occupational Titles ("DOT") for the three jobs identified by the vocational expert. After

14  examination of the reaching requirements given in the DOT for  production assembler, production

15  inspector and garment folder, the Court notes the reaching requirements are listed as frequent and

16  frequent and constant respectively. [*See* DICOT 706.687-010, 1991 WL 679074 (G.P.O.); DICOT

17  559.687-074, 1991 WL 684797 (G.P.O.); DICOT 789.687-066, 1991 WL 681266 (G.P.O.).] Clearly,

18  these reaching designations conflict with a limitation of occasional reaching.  However, the DOT

19  makes no distinction between reaching with the left or right hand in its guidelines.  In addition, the

20  DOT does not distinguish between overhead reaching and other types of reaching movements.

21  Consequently, there is no discussion in the transcript or in the ALJ's written decision of the conflict

22  created by these differing designations.  This was procedural error.  The ALJ's written determination

23  provides no explanation as to how to resolve the conflict created by the vocational expert's

24  identification of potential occupations which the DOT indicates require frequent or constant reaching

25  but is silent as to handedness when the Plaintiff has significant restrictions placed on his right

26  shoulder.  As a result, the Court cannot accept the ALJ's determination which relies on the vocational

27  expert's testimony that there are positions in the national economy available to Plaintiff.  Without

28  more, the Court has no way to determine whether substantial evidence supports the ALJ's decision.

**6. Remand Is Recommended to Remedy Procedural Error**

It is within the Court's discretion to decide whether to reverse and remand for further administrative proceedings or to reverse and award benefits. *McAlister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). In the instant case, the Court **RECOMMENDS** remand for further development of the record. The ALJ erred in failing to ask the vocational expert whether her testimony conflicted with the DOT and in relying on that testimony without further explaining how any discrepancies could be resolved. The Court is unable to ascertain from the hearing transcript or written decision whether Plaintiff is left or right-handed and the effect of his past shoulder injury on his reaching ability. On remand, the ALJ must determine whether Plaintiff can actually perform the requirements of the positions identified given the limitations imposed by his right shoulder.

**7. Comprehensiveness of The ALJ's Hypothetical**

A claimant's residual functional capacity is the most he or she can do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC must take into account all of a claimant's impairments, otherwise his or her assessment is considered defective. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). However, "analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary." *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005). Consequently, the ALJ is not required to include in his or her hypothetical question to the vocational expert impairments he or she finds non-credible. *Bayliss*, 427 F.3d at 1217; *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

However, an ALJ must provide reasons for discounting a plaintiff's testimony. *Stewart v. Sullivan*, 881 F.2d 740, 743 (9th Cir. 1989). The ALJ cannot reject the claimant's testimony solely on the basis the testimony is not supported by objective medical evidence, but must use a combination of factors to make such a determination. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991). When determining a plaintiff's credibility, the ALJ may consider the following: (1) claimant's reputation for truthfulness; (2) inconsistencies in either the claimant's testimony or between her testimony and her conduct; (3) claimant's daily activities; (4) claimant's work record; (5) testimony from doctors and

other third parties concerning the nature, severity, and effect of the claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  If an ALJ's credibility finding is supported by substantial evidence from the record, the court may not second guess such a finding.  *Id.* at 959.

Further, the ALJ must present clear and convincing reasons explaining why he or she discredits a claimant's testimony, absent a finding of claimant malingering.  *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th. Cir. 2008); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  General findings are insufficient; the ALJ must point to specific non-credible testimony and specific undermining evidence.  *Id.*

Here, the ALJ found "the clamaint's medically determinable impairment could reasonably be expected to produce the alleged symptoms."  (AR at 19)  However, the ALJ explained in the written decision that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms" are not credible" for the following reasons: (1) State agency consultants determined Plaintiff's mental impairments were not severe and a consulting physician, Dr. Soliman, indicated Plaintiff's mood  as "mildly depressed", (2) Plaintiff's statements as to his limitations were inconsistent with medical opinions and observations; and (3) Plaintiff's abundant daily activities and ability to care for himself and his household conflicted with Plaintiff's testimony alleging the intensity of his pain and mental impairments.  (AR at 19-20)

There is no evidence in the administrative record to suggest malingering on Plaintiff's part.  Accordingly, the ALJ was required to support her credibility finding with clear and convincing evidence, which she did. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  As noted above, the varying evidence considered by the ALJ is specifically identified in her decision, documented in the administrative record and properly falls into the categories delineated by the Ninth Circuit in *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).  The Court may not, therefore, second guess the ALJ's credibility finding as to Plaintiff. *Id.* at 959.  Accordingly, **IT IS RECOMMENDED** the Court find the ALJ properly determined Plaintiff's credibility was impeached by inconsistencies with the record and was not required to include in her hypothetical question mental impairments which she found non-credible.

///

**IV.**

**CONCLUSION AND RECOMMENDATION**

For the reasons explained above, **IT IS HEREBY RECOMMENDED** the Court **GRANT IN PART** Plaintiff's motion for summary judgment, and **DENY** the Commissioner's cross-motion for summary judgment and **REMAND** this action for further administrative proceedings.

**IT IS ORDERED** that no later than **May 21, 2010**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the court and served on all parties no later than **June 1, 2010**.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); see also Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: May 4, 2010

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court