1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10

11  RICHARD A. JORDAN,                     CASE NO. 09-CV-1559 MMA (WMc)

12                          Plaintiff,     **ORDER GRANTING PLAINTIFF'S
                                           MOTION FOR AN AWARD OF
13        vs.                              ATTORNEY FEES PURSUANT TO
                                           EQUAL ACCESS TO JUSTICE
14  MICHAEL J. ASTRUE, Commissioner of     ACT**
    Social Security,
15                                         [Doc. No. 16]
                            Defendant.
16

17

18        An administrative law judge denied Plaintiff Richard Jordan's application for disability

19  insurance benefits.  Plaintiff subsequently sought judicial review pursuant to 42 U.S.C. § 405(g).

20  On July 16, 2010, this Court issued an order reversing the decision of the Secretary and remanding

21  the action to the Social Security Administration for further proceedings pursuant to sentence four

22  of section 405(g) ("sentence four remand").  Plaintiff now seeks an award of attorney's fees under

23  the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A).  Defendant, the

24  Commissioner of Social Security, filed a statement of non-opposition to the present motion.  For

25  the reasons set forth below, the Court **GRANTS** Plaintiff's motion for attorney fees.  [Doc. No.

26  16.]

27

28  / / /

**A. Timeliness of Fee Award Application**

Under the EAJA, a prevailing party seeking an award of fees must apply for such an award within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Federal Rule of Civil Procedure 58 controls the entry of judgment. "In cases where Rule 58(a) requires a 'separate document,' judgment is considered entered 'when the earlier of [two] events occurs: [1] the judgment or order is set forth on a separate document, or [2] 150 days have run from entry of the judgment or order in the civil docket under Federal Rule of Civil Procedure 79(a).'" *Harmston v. City and County of San Francisco*, 627 F.3d 1273, 1280 (9th Cir. 2010), *citing* FED. R. CIV. P. 58. After judgment is entered, in cases where the federal government is a party the Federal Rules of Appellate Procedure 4(a) allows a party to appeal up to sixty days after the entry of judgment. F.R.A.P. 4(a)(1)(B). After the sixty day appeal period has run and the judgment is no longer appealable, it is considered a "final judgment" for purposes of seeking an award of fees. 28 U.S.C. § 2412(d)(2)(G). A party must apply for an award of fees within thirty days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B); *Shalala v. Schaefer*, 509 U.S. 292, 303 (1993) ("EAJA's 30-day time limit runs from the end of the period for appeal").

Here, this Court entered the sentence four remand order on July 16, 2010. A sentence four remand "of course, is a judgment for the plaintiff." *Shalala v. Schaefer*, 509 U.S. at 303 (emphasis omitted). However, a sentence four remand order is not a judgment "set forth on a separate document" as Rule 58 requires. *Yang v. Shalala*, 22 F.3d 213, 216-17 (9th Cir. 1994). A judgment was not set forth in a separate document in the present case. Accordingly, pursuant to Federal Rule of Civil Procedure 58(c)(2), judgment is considered to have been entered 150 days after the entry of this Court's sentence four remand order in the civil docket. Judgment in this case was entered on December 13, 2010. The judgment became final and non-appealable sixty days later, on February 11, 2011. Plaintiff filed his application within thirty days of final judgment on March 11, 2011.

**B. Reasonableness of Fee Request**

Pursuant to the EAJA, a "prevailing party" in an action in which the United States is a party may recover attorney's fees and costs unless the Court finds that the government's position

1   was "substantially justified or that special circumstances make an award [of fees] unjust,"

2   provided the requested amount is reasonable.  28 U.S.C. § 2412(d)(1)(A) & (d)(2)(A).  The Court

3   has discretion in determining the amount of a fee award, including the reasonableness of the hours

4   claimed by the prevailing party.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir.1992).  In

5   making its determination, the Court should provide a "concise but clear explanation of its reasons

6   for the fee award."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))

7       EAJA fee rates are based on a statutory threshold rate of $125 per hour, plus cost-of-living

8   adjustments.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii); *Thangaraja v. Gonzales*, 428 F.3d 870, 876-877

9   (9th Cir. 2005).  The annual statutory maximum hourly rates for EAJA awards are $172.24 for

10  2009 and $175.06 for 2010.  *See Thangaraja*, 429 F.3d at 876-77 (cost-of-living increases are

11  calculated by multiplying the $125 statutory maximum hourly rate by the annual average

12  consumer price index figure for all urban consumers ("CPI-U") for the years in which the

13  attorney's work was performed and dividing by the CPI-U figure for March 1996 (155.7), the

14  effective date of the statutory maximum hourly rate); *see also* Dept. of Labor, Bureau of Labor

15  Statistics, Table 1A. CPI-U: U.S. city average at http://data.bls.gov/cgi-bin/surveymost; Notice Re:

16  Statutory Maximum Rates Under EAJA at www.ca9.uscourts.gov.

17      Here, Plaintiff has obtained a judgment reversing the Commissioner's final decision with a

18  remand for rehearing under sentence four of 42 U.S.C. section 405(g), and seeks an award of

19  attorney's fees in the amount of $4,820.59.  The requested fees are calculated at the hourly rates of

20  $172.24 for 5.16 hours of work performed by counsel in 2009, and $175.06 for 22.46 hours of

21  work performed by counsel in 2010.  The Court has reviewed Plaintiff's itemization of hours, and

22  finds it contains a reasonable amount of hours claimed for the tasks completed.

23

24

25

26

27

28  / / /

Because Plaintiff's request is reasonable and appropriate, and because the Commissioner does not oppose the requested fees, the Court **GRANTS** Plaintiff's motion for EAJA fees in an amount of $4,820.59.  Pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521, 2525-29 (2010), the fees shall be made payable to Plaintiff, not his attorney.

**IT IS SO ORDERED.**

DATED:  April 26, 2011

Hon. Michael M. Anello
United States District Judge